Bert Jackson Motors, Inc., a Delaware Corporation, Plaintiff-Appellant, Plaintiff-Appellee, v. Charles Chambers, Pat Hague, Partners, Defendants-Appellees, Cross-Defendants, Appellees, Interstate Fire & Casualty Company, a Corporation, Defendant-Appellee, Cross-Plaintiff, Appellant.

Gen. No. 11,094.

Fourth District.

October 28, 1969.

Thomson, Thomson & Mirza, and Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Loren Thomson and James T. Foley, of counsel), for appellants.

Costigan and Wollrab, of Bloomington (James C. Wollrab, of counsel), for appellees.

CREBS, J.

On July 14, 1967, a Cessna Skylane Aircraft owned by Bert Jackson Motors, Inc., plaintiff, and parked at Bloomington Municipal Airport, was damaged by an aircraft owned and operated by Charles Chambers.

Plaintiff filed a two-count complaint. Count I charged defendant Charles Chambers with negligent operation of his aircraft and sought both cost of repairs and loss of

use. Count II was against Interstate Fire & Casualty Company, a corporation, based on its policy of insurance and sought cost of repairs and attorneys' fees because of vexatious delay.

The cause was tried before a jury. The court directed a verdict against Interstate as to liability, and the jury assessed plaintiff's damages under Count II in the sum of $5,287.21. The court awarded attorneys' fees in the sum of $1,000 for vexatious delay. The jury returned a verdict for defendant, Chambers, on Count I.

Plaintiff appealed from the verdict in favor of Charles Chambers on Count I. Defendant, Interstate, cross-appeals from the judgment entered against it, and also appeals from the order dismissing its cross-complaint against Chambers and from the order denying a motion to reinstate and reconsider its said cross-complaint.

On review, the issues raised by plaintiff are whether defendant Chambers was negligent as a matter of law; whether the verdict was against the manifest weight of the evidence; whether the conduct of Chambers' counsel at the trial and during argument was prejudicial, and whether the court should have severed the issues as against the two defendants.

The issues raised by defendant, Interstate, are whether, as a matter of law, plaintiff is precluded from recovery under an insurance policy for damage to its aircraft for failure to file a sworn statement of interest and proof of loss; in the alternative, whether such issue should have been presented to the jury; whether the verdict is against the manifest weight of the evidence; whether a new trial should have been granted because the court allowed certain evidence pertaining to plaintiff's attorneys' fees before the jury; again, in the alternative, whether the court should vacate the judgment with respect to attorneys' fees and remit the sum of $1,000 from the judgment; and whether the court erred in striking Interstate's cross-complaint.

A brief review of the evidence is necessary. As defendant Chambers was approaching the airport by radio he reported that his brakes were soft. On landing, he advised the airport manager concerning his brakes and sought the services of a mechanic. The mechanic was not immediately available and when he was located, he told defendant he could not work on the brakes unless defendant stayed overnight. Defendant did not want to stay, so he inspected his plane by a walk-around inspection, and took off. The plane had a blind spot directly ahead so it was necessary to make gradual turns on takeoff. After a gradual turn to the left, defendant applied the right wheel brake in an attempt to turn the plane back to the right. The right wheel brake pedal went to the floor. He did not try to apply the left wheel brake, but did shut off the motor. His airplane then struck the parked Jackson plane, causing the damage.

Defendant was flown to Chicago later that evening. About a week later he returned and repaired his plane. At that time he found that one of the rubber discs in the wheel cylinder had split, which caused the brake failure. He was qualified as an expert on this type of brake, and gave his opinion that the break was instantaneous and was the cause of this particular brake failure. In his opinion, the brakes were soft because there was air in the brakes and this would not necessarily have anything to do with this particular gasket splitting.

He further testified that landing this type of plane without brakes on one side would normally cause the pilot to be killed or hurt; that he had no advance notice that there would be a loss of brakes before it occurred; that since the wheels are not covered, he could have seen a leak on his walk-around inspection but saw none, and that the plane was in license and had had all required inspections.

█ This is necessarily a very brief résumé of the evidence. From this evidence the jury could have found

negligence. On the other hand, defendant's evidence, if believed, constitutes a defense. There was no evidence offered to contradict defendant's opinion testimony, although it appears that defendant's deposition had been taken before the trial. Under these circumstances, we find no basis to overturn the jury's verdict as to liability on Count I.

■ As regards the allegation of misconduct of defendant Chambers' counsel, we note that no objections were made at the time of trial. We find no conduct in this case sufficiently out of the ordinary to prevent the application of the rule that failure to object constitutes a waiver.

Plaintiff's last contention is that the court should have severed the issues. The main basis for its motion was that the joint trial would cause delay. However, as soon as the motion for severance was overruled, a certificate of readiness was filed. Plaintiff joined the two counts and cannot now complain on grounds not set forth in its motion for severance.

As regards the cross-appeal of defendant Interstate, a review of the evidence on that point is necessary. On the day following the accident, Mr. Jackson, the president of plaintiff company, notified his insurance agent of the accident. Mr. Jackson, the agent and an adjuster retained by the agent went to the airport to view the damaged aircraft. The adjuster suggested that Mr. Jackson obtain some itemized estimates. An itemized estimate of $5,287.21 was obtained from Walston Aviation and both the adjuster and Mr. Jackson obtained copies of this estimate. Subsequently in August, Mr. Krill of Hobart, Indiana, the owner of Hobart Aircraft Sales and Service, inspected the damage at the request of Mr. Weise who, in turn, was retained by defendant Interstate to adjust the loss, replacing the first adjuster.

Later in August, Mr. Krill called Mr. Jackson and stated that his company would repair the aircraft for $2,930.

No written estimate was submitted and there is some dispute as to what was said. Weise testified that he had a conversation with Jackson late in August, wherein he told Jackson he had a firm bid and that Hobart Aircraft was qualified and would guarantee the results. Weise testified that Jackson replied he was not interested in anybody except Walston Aviation to repair his airplane. Jackson denied this alleged conversation with Weise. Next, Jackson retained an attorney. The attorney wrote Interstate September 29 requesting arbitration as provided in the insurance policy and appointing John Herman of Walston Aviation, Inc. as his appraiser.

In a letter dated October 12 to the attorney from Interstate, the company pointed out that John Herman was interested. The letter concluded: "We must therefore, at this time decline your request for appraisal and must continue to do so until the insured does appoint a *completely disinterested* person to serve as his appraiser in this matter."

Then, in a letter dated October 24, the attorney named a Mr. Allott as his appraiser and demanded the company select an appraiser within twenty days.

In answer to this letter, Interstate in a letter dated October 31 stated that on carefully reviewing its file, the insured had failed to file sworn statement of proof of interest and loss within the ninety-day period stipulated in condition 9(b) of the policy, setting forth that said period expired on October 12. Plaintiff's claim was then denied on that basis. It is uncontradicted that no sworn statement of proof of interest and loss was filed within the ninety-day period stipulated in condition 9(b) of the policy.

 In answer to Count II, Interstate again denied liability on the basis of failure to file the statement. The trial judge on the basis of these facts found that the actions of Interstate waived its right to insist upon the statement and he therefore directed a verdict of liability.

We agree with this finding. Downing v. Wolverine Ins. Co., 62 Ill App2d 305, 210 NE2d 603; Mitchell v. Orient Ins. Co., 40 Ill App 111.

 The denial of liability under these circumstances amounted to vexatious delay under the statute, Ill Rev Stats 1967, c 73, § 767. In view of the amount involved, the maximum fee of $1,000 was reasonable. Interstate objects to evidence concerning attorneys' fees being heard by the jury. It would appear that this evidence should have been heard by the court. However, the only objection made to this evidence at the trial was that it was immaterial. Thus, Interstate has waived the objection it now seeks to make. Interstate also seeks to assign as error the dismissal of its cross-complaint. The docket entry shows "By agreement Motion to Dismiss Third-Party complaint heard and allowed. Third-Party complaint dismissed without prejudice." Interstate cannot complain of action taken by agreement. A subsequent motion to reinstate the cross-complaint was not ruled upon by the trial court since counsel failed to call it up for hearing.

As to the amount of the judgment, the jury heard the evidence concerning the two appraisals, and we find no basis to disturb their findings.

Finding no reversible error, judgment is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.